UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRI L. EVOLA                                                                                                    PLAINTIFF

v.                                               No. 2:19-CV-02072

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                                       DEFENDANT

## OPINION AND ORDER

The Court has received a report and recommendation (Doc. 14) from Chief United States Magistrate Judge Erin L. Wiedemann. Plaintiff Sherri L. Evola has filed objections (Doc. 15). The Magistrate recommends that the Court affirm the decision of the Social Security Administration to deny Evola's claim for disability and SSI benefits and dismiss this action. The Court has conducted de novo review of those portions of the report and recommendation to which Evola has objected. 28 U.S.C. § 636(b)(1).

The Magistrate recommends that the Court find that the Administrative Law Judge's findings with respect to Evola's residual functional capacity ("RFC") were supported by substantial evidence. "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." *Combs v. Berryhill*, 878 F.3d 642, 645–46 (8th Cir. 2017). "RFC is the most a person can do despite that person's limitations." *Brown v. Barnhart*, 390 F.3d 535, 538–39 (8th Cir. 2004). RFC is determined by reviewing all relevant evidence, including a claimant's credible subjective complaints and statements from medical sources, whether or not based in an exam. *Id.* at 539. "Under this step, the ALJ is required to set forth specifically a claimant's limitations and determine how those limitations affect her RFC." *Id.* (quoting *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003)).

In determining Evola's RFC, the ALJ mentioned in passing the effects of Evola's

1

medication, but appears to have decided her claims about the limitations resulting from that medication were not credible:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms: however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Doc. 10, p. 6). Evola's claims were that her medications cause drowsiness and frequent urination. In particular, she testified that one of her medications, hydrochlorothiazide, caused her to urinate frequently—two or three times each night, and over ten times in any eight-hour period throughout the day. (Doc. 10, p. 45). Having considered this testimony, the ALJ found:

> The claimant does take medication, which she alleged causes some adverse side effects. The treatment notes indicate, however, that either the claimant has not reported adverse medication side effects to her healthcare providers, or her healthcare providers adjusted the claimant's medication in response to reported side effects. The evidence in the record as a whole does not indicate that the claimant experiences any limitations because of her alleged medication side effects beyond that accounted for in the residual functional capacity assessment described herein.

(Doc. 10, pp. 20–21).

The ALJ's credibility determination regarding Evola's complaint that her medication results in the need for frequent urination throughout the day is not supported by the items on the record to which he cites. The only basis the ALJ stated for discounting this complaint was that she either did not report the side effect of frequent urination to her healthcare providers or else assumed they must have adequately adjusted her dosage. Frequent urination is not a "side effect" of taking hydrochlorothiazide. It is *the* effect of taking hydrochlorothiazide. This medication is a diuretic, and it works by provoking frequent urination. *See, e.g.*, WebMD, Hydrochlorothiazide, Uses (available at https://www.webmd.com/drugs/2/drug-5310/hydrochlorothiazide-oral/details) ("Hydrochlorothiazide belongs to a class of drugs known as diuretics/'water pills.' It works by

causing you to make more urine."). There would be no more point in Evola or her healthcare providers remarking on frequent urination as a problematic side effect in her medical documentation than there would be in documenting decreased blood sugar as a problematic side effect of insulin use by a diabetic. Under these circumstances, a reasonable mind would not find the absence of such remarks in Evola's medical documentation an adequate basis to discount her testimony regarding the frequency of her urination.

Because the only articulated basis for determining Evola's testimony about the frequency of her urination is not supported by the record, the ALJ's resulting RFC determination that does not account for frequent urination is not supported by substantial evidence. The central significance of the ALJ's finding regarding Evola's claims of frequent urination to steps four and five of the five-step sequential evaluation process used by the Social Security Administration to determine benefits eligibility cannot be understated. The ALJ found that Evola's RFC enabled her to perform light work except occasionally to climb, balance, crawl, kneel, stoop, and crouch. (Doc. 10, p. 18). When posing hypotheticals to the vocational expert, the ALJ asked whether Evola could return to her pharmacy tech position with this RFC, and the vocational expert answered affirmatively, and determined Evola could do other available work, as well. (Doc. 10, pp. 50–51). The ALJ then asked about the effect of adding to Evola's RFC the need for frequent and unscheduled breaks because of side effects from medication, and the vocational expert opined that this "would eliminate all competitive employment." (Doc. 10, p. 51).

Because the ALJ's RFC is not supported by substantial evidence in the record, remand to the Social Security Administration under sentence four is appropriate. Because this remand will end the Court's jurisdiction over the case, any issues raised by the remaining objections to the report and recommendation need not be addressed.

IT IS THEREFORE ORDERED that the report and recommendation (Doc. 14) is REJECTED, the decision of the Commissioner of the Social Security Administration to deny benefits to Plaintiff is REVERSED, and this case is REMANDED for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). Judgment will be entered accordingly.

IT IS SO ORDERED this 20th day of April, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE